UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**                    Case No. 1:11-cr-0244-AT

-vs-

**Annette Ford**                                **Defendant's Attorney**
                                                **Nicholas A. Lotito**

---

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant pleaded guilty to Counts 1-2 of the Information with waiver of indictment.

Accordingly, the defendant is adjudged guilty of such counts which involves the following offenses:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC §§ 287, 641and 371 | Conspiracy to Commit False Claims and Steal Public Money | 1 |
| 18 USC §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$200** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.     XXX-XX-3743        Date of Imposition of Sentence: January 5, 2012
Defendant's Date of Birth:    1963
Defendant's Mailing Address:  2813 Milo Court
                              Lawrenceville, GA 30043

Signed this the 9th day of January.

AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **41 MONTHS ON COUNT 1 AND 24 MONTHS ON COUNT 2, TO RUN CONSECUTIVELY FOR A TOTAL OF 65 MONTHS**.

The Court recommends the defendant be incarcerated at FCI Marianna. In the event the Bureau of Prisons is unable to place the defendant in FCI Marianna, the Court recommends the defendant be placed in FCI Coleman. The Court further recommends that the defendant be moved to FCI Marianna as soon as possible in the event that the Bureau of Prisons designates her for another facility.

The Court recommends that the defendant be designated to a halfway house for the final year of her sentence.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 Years on Count 1 and 1 Year on Count 2, to run concurrent**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

## SPECIAL CONDITIONS

The defendant shall not own, possess or have under her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to one drug urinalysis within 15 days of placement on supervised release.

Pursuant to 42 USC Section 14135a(d) and 10 USC Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall submit to a search of her person, property(real, personal, or rental),residence, office, and/or vehicle, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall make a full and complete disclosure of his finances and submit to an audit of her financial documents, at the request of the Probation Office.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

The defendant shall perform 100 hours of community service under the guidance and supervision of the U.S. Probation Officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## FINE

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration. The Court will waive the fine and cost of incarceration in this case.

## RESTITUTION

The defendant shall make restitution to the following entitites in the following amounts:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| IRS-RACS<br>Attn: Mail Stop 6261<br>333 W. Pershing Ave.<br>Kansas City, Missouri 64108 | $595,793.03 |
| JP Morgan Chase<br>Attn: Fraud Recovery Investigations (case # 403477)<br>P.O. Box 710988<br>Columbus, Ohio 43271-0988 | $247,899.30 |
| **TOTAL:** | **$843,692.33** |

The defendant shall make restitution payments from any wages she may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $150.00 plus 25% of any gross monthly income exceeding $2,300.